IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEONARD MATTHEWS,

     Petitioner,

vs.

                                 CASE NO. 4:07cv356-RH/WCS

WALTER A. McNEIL,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

     This is an amended petition for writ of habeas corpus filed by Leonard Matthews pursuant to 28 U.S.C. § 2254. Doc. 14. Petitioner challenges his conviction for attempted first degree murder and violation of a domestic violence injunction in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 02-03877AF. Petitioner is serving a twenty year sentence for the first offense. Respondent filed an answer, doc. 19, and the record in paper form, and Petitioner filed a traverse, doc. 22. Respondent agrees that the petition was timely filed.

**Summary of the trial evidence**

Clarese Thomas, age 13, was Petitioner's stepdaughter.  Ex. D, Petitioner's brief on direct appeal, p. 1.  On June 2, 2002, Petitioner was home alone when Clarese Thomas arrived, told her to "put on something sexy for" him, and he grabbed her around the waist and kissed her.  *Id.*, pp. 2-3.  She reported this to the police.  *Id.*, p. 3.  Clarese Thomas said that on June 26, 2002, Petitioner drove by her, slowed, lowered his window, and "slit his hand across his throat."  *Id.*, p. 2  On September 10, 2002, she was walking to school with Katrecia Cofield and Aaron Harvey.  *Id.*, p. 2.  It was close to 8:30 a.m., and Clarese Thomas was almost late.  Ex. B, trial transcript, p. 64.  "As they walked down the sidewalk, 'a truck came over the curb and I guess tried to hit us or hit me . . ., but it came over the curb, and my friend pulled me back.' " Ex. D, p. 3.  Thomas identified Petitioner as the driver of the truck.  *Id.*  The truck was two door, tan or peach in color.  *Id.*  Thomas testified that she thought that Petitioner had tried to hit her with his truck "because I told about the molestation charge."  *Id.*

In defense, Petitioner presented testimony of Rosa Flowers, a crossing guard, who saw nothing unusual that day.  *Id.*, p. 4.  Tony Revell, the school resource officer, testified that Clarese Thomas reported to him at school what had happened, and he said he "did not believe it warranted a report."  *Id.*  Charles Ash, Assistant Principal, recalled nothing having been reported by Clarese Thomas.  *Id.*  Thomas Hilaman, Petitioner's employer, said that none of his several trucks matched the color described by Clarese Thomas, and they all had advertising on them.  *Id.*  Freddie Hughes, Petitioner's foreman, said he never let Petitioner drive a company truck.  *Id.*

In rebuttal, the state called Eddie Davis, a prisoner at the Leon County Jail. *Id.* Davis said that Petitioner told him that "he was driving his work truck down past the school or something and he tried to run over the little girl but he said the little girl couldn't really say it was him because he was riding in a truck with tinted windows and nobody couldn't say it was him." *Id.*, p. 5.

**Section 2254 Standard of Review**

Habeas corpus relief may be denied on the merits notwithstanding the failure of the petitioner to exhaust state remedies. § 2254(b)(2).[1] But habeas corpus relief may be granted only if Petitioner has properly exhausted his federal claims in state court. § 2254(b)(1) and (c). To do so the federal claim be fairly presented to the state court, to give the State the opportunity to pass upon and correct alleged violations of federal rights. *See* Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (citations omitted); Duncan v. Henry, 513 U.S. 364, 365-366, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995). While it is not necessary that the petitioner cite "book and verse" of the Constitution, the state court must be alerted to the fact that a federal constitutional claim is raised. Duncan, 513 U.S. at 365-366, 115 S.Ct. at 888 (citations omitted); *see also* McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005) (holding that a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record") (citations omitted).

---

[1] If no constitutional claims are raised, then §2254 is inapplicable and the exhaustion inquiry is irrelevant. Engle v. Isaac, 456 U.S. 107, 120, n. 19, 102 S.Ct. 1558, 1567, n. 19, 71 L.Ed.2d 783 (1982).

The petitioner also "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (applying this one complete round requirement to state collateral review process as well as direct appeal).  If a claim is not fairly presented through one complete round of state court review and review is no longer available in state court, it is procedurally defaulted and the petitioner must demonstrate cause and prejudice for the default *or* a miscarriage of justice.  Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).[2]

The law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984).  Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520; Bell, 535 U.S. at 694-695, 122 S.Ct. at 1850.  Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

**Grounds One, Two, and Three**

Petitioner contends in ground one that he was denied the effective assistance of counsel in violation of the Sixth Amendment because his attorney failed to call a key

---

[2] The miscarriage of justice exception applies only to extraordinary cases, where a constitutional violation has probably resulted in conviction of an innocent person. McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991). *See also* House v. Bell, 547 U.S. 518, 536-537, 126 S.Ct. 2064, 2076-2077, 165 L.Ed.2d 1 (2006) (explaining what must be shown to demonstrate actual innocence as a "gateway" to review of a defaulted claim).

witness at trial, Jimmy Johnson.  Doc. 14, pp. 6, 6-1; pp. 5-6 on ECF (as paginated on the electronic docket).  He contends that Clarese Thomas testified that she saw Jimmy Johnson in the passenger's seat of Petitioner's truck,[3] but claims that Petitioner, Johnson would have testified that he was not there.  *Id.*, p. 6-1; p. 6 on ECF.  Petitioner states that if Thomas incorrectly identified Johnson, it was reasonable to conclude that she incorrectly identified him as the driver.  *Id.*

Petitioner contends in ground two that his attorney was ineffective for failing to investigate and preserve "material exculpatory evidence."  Doc. 14, p. 7; p. 8 on ECF. Petitioner alleges that his employer (a lawn service) had informed his attorney that on the day of the offense, he was at work from 6:45 a.m. to 4:40 p.m., and that his time card, which his attorney acquired, proved this.  *Id.*, p. 7-1; p. 9 on ECF.  He contends that this evidence would have shown that he could not have been in a truck trying to kill Clarese Thomas at 8:30 a.m. that day.  *Id.*  He alleges that his lawyer lost the time card and did not make a copy.  *Id.*

In ground three, Petitioner argues that his lawyer was ineffective because he did not adequately inform him of his right to testify.  Doc. 14, p. 9; p. 12 on ECF.  The trial court heard testimony from Petitioner's lawyer and expressly found Petitioner's lawyer to be more credible as to this claim.  Ex. I, p. 81.

---

[3] Clarese Thomas testified on cross examination that she saw the back of the head of Jimmy Johnson in the truck with Petitioner.  Ex. B, trial transcript, pp. 120-121. She said that the windows were tinted, but not so much that she could not see through them.  *Id.*, p. 121.  She said that she could see Petitioner because he turned around and smiled.  *Id.*, p. 122.

Respondent argues that Petitioner procedurally defaulted as to these three claims because while he raised them in his Rule 3.850 motion and an evidentiary hearing was held, he did not raise the three claims on appeal from denial of his Rule 3.850 motion.  Doc. 19, p. 6.

Respondent is correct.  On appeal, Petitioner raised three grounds.  He argued that:  (1) the trial court abused it's discretion by refusing to appoint counsel to represent Petitioner at the Rule 3.850 evidentiary hearing; (2) the trial court erred by orally denying the Rule 3.850 motion and not stating the reasons for the denial in a final written order;[4] and (3) the trial court erred because it relieved the state of its burden to present evidence showing that Petitioner was not entitled to relief.  Ex. J, pp. 3, 7, 8-15. These were procedural arguments.  The arguments did not address the substance of the federal claims that are now presented in grounds one, two and three.

The "one complete round" exhaustion requirement set forth in O'Sullivan v. Boerckel, *supra*, applies to post-conviction review as well, and a prisoner must appeal the denial of post-conviction relief in order to properly exhaust state remedies.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979)[5] (Florida prisoner must appeal denial of Fla.R.Crim.P. 3.850 relief to exhaust remedies); LeCroy v. Secretary, Florida Dept. of Corrections, 421 F.3d 1237, 1261 (11th Cir. 2005) (as Florida prisoner failed to properly

---

[4] The Rule 3.850 court gave a *lengthy* exposition of his reasons for denying the Rule 3.850 motion and those reasons are contained in the transcript of the hearing that was before the First District Court of Appeal.  Ex. I, transcript of the Rule 3.850 hearing, pp. 72-94.

[5] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

exhaust claim on direct appeal or Rule 3.850 appeal, it was procedurally barred, citing

Coleman); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) ("Boerckel applies to the

state collateral review process as well as the direct appeal process"); Pruitt v. Jones,

348 F.3d 1355, 1359 (11th Cir. 2003); White v. Godinez, 192 F.3d 607 (7th Cir.1998),

cert denied, 120 S.Ct. 1004 (2000) (finding no "appreciable difference between direct

appeals and post-conviction appeals in this regard," holding Boerckel requires appeal

following collateral review).[6]

      Petitioner was not appealing from a summary denial of his Rule 3.850 motion

without an evidentiary hearing.  Therefore, he was required to file a brief raising his

specific Rule 3.850 claims.  A brief is not required on appeal from summary denial of a

Rule 3.850 motion without an evidentiary hearing.  FLA. R. APP. P. 9.141(b)(2)(C).

Briefs are required when the appeal is from denial of a Rule 3.850 motion after an

evidentiary hearing.  FLA. R. APP. P. 9.141(b)(3)(C).  A failure to appeal a specific issue

after denial by the Rule 3.850 trial court is a procedural default.  See, Cortes v. Gladish,

216 Fed.Appx. 897, 899-900 (11th Cir. 2007) (not selected for publication in the Federal

Reporter, No. 05-16399) ("In contrast, had Cortes received an evidentiary hearing, his

failure to address issues in his appellate brief would constitute a waiver."); Williams v.

McDonough, 2007 WL 2330794 (M.D. Fla. Aug 14, 2007) (No. 802CV965T30MAP)

(petitioner there had a Rule 3.850 evidentiary hearing, filed a brief on appeal, but failed

to address grounds two and five, and therefore procedurally defaulted as to those

claims).

---

     [6] The case was before the Seventh Circuit on remand for further consideration in
light of O'Sullivan.  192 F.3d at 608 (citations omitted).

Petitioner has not shown cause for his procedural default or prejudice to the outcome.  This court, therefore, cannot reach the merits of grounds one, two, and three.

**Ground Four**

Petitioner contends that he was denied due process because the Rule 3.850 court refused to appoint counsel for him, thus relieving the state of the burden of presenting evidence, and thus denying due process.  Doc. 14, p. 10; p. 15 on ECF. This fails to state a claim for relief.  There is no *federal* right to counsel in state post-conviction proceedings.  Jones v. Crosby, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied*, 523 U.S. 1041 (1998), *citing*, Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989).  "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  Further, a claim that the post-conviction proceedings were unfair or marred by procedural error, such as this claim that the State was "relieved of its burden of presenting evidence,"[7] does not state a federal claim.  Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir.1987) (state court's failure to hold a hearing on Rule 3.850 motion and failure to attach relevant portions of the record to its order were unrelated to the cause of detention, and did not state a basis for § 2254 relief); *see also* Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999) ("habeas corpus relief is not available to correct alleged errors in state habeas proceedings," citing Spradley, and cases from the Fourth, Fifth, Sixth, Eighth and Ninth Circuits).

---

[7] There assuredly is no federal right to require the State to disprove the allegations made in a post-conviction motion.

**Conclusion**

Accordingly, it is **RECOMMENDED** that 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Leonard Matthews challenging convictions for attempted first degree murder and violation of a domestic violence injunction in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, case number 02-03877AF, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on October 22, 2008.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**